**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| DIXIE ELECTRIC, LLC | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CAUSE NO. 7:17-CV-00066-RAJ |
| | § | |
| JAMES JARWIN AND | § | |
| MMR CONSTRUCTORS, INC. | § | |
| *Defendants.* | § | |

**DEFENDANT MMR CONSTRUCTORS, INC.'S
OPPOSED MOTION FOR MORE DEFINITE STATEMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**COMES NOW**, Defendant MMR Constructors, Inc. **("MMR")** and files this Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e), and in support thereof, would show the Court as follows:

**I.      Summary of Motion and Relief Requested**

1.01      On April 4, 2017, Plaintiff Dixie Electric, LLC **("Dixie")** filed its Original Complaint and Request for Declaratory Relief and Permanent Injunction (the **"Complaint"**) [Doc. 1] against MMR and former Dixie employee James Jarwin (**"Jarwin"**).  The Complaint attempts to assert claims relating to the: (1) unidentified improper solicitation of unidentified Dixie employees, customers, and vendors by unidentified individuals; (2) unidentified misappropriation of unidentified Confidential Information and trade secrets by unidentified individuals; and (3) unidentified interference with Dixie's unidentified relationships and agreements with unidentified individuals and entities by unidentified individuals.  The allegations in the Complaint are nothing more than vague, ambiguous, generalized, and conclusory boiler plate

recitations of the essential elements of causes of action devoid of any facts, context, or narrative sufficient to allow MMR to frame an appropriate responsive pleading.

1.02    MMR has grave concerns Dixie is hoping to create its case through invasive discovery which will disrupt MMR's irrelevant business operations, interfere with MMR's relationships with its own irrelevant customers and employees, and include improper attempts to require the disclosure of MMR's own irrelevant Confidential Information and trade secrets.  Because Dixie has not identified in any manner the employees, customers, vendors, Confidential Information, trade secrets, or relationships in question, or the "who, what, when, and where" with respect to the alleged acts or omissions of MMR which it deems unlawful or improper, MMR requests this Court order Dixie to amend its Complaint and provide the specific information described herein in accordance with the Federal Rules of Civil Procedure.

1.03    MMR recognizes Courts have generally held situations in which a Rule 12(e) Motion is appropriate are very limited.  However, "the rule that a more definite statement should not be granted unless response is impossible or unintelligible to the point of incomprehensibility is found in the cases, but, taken literally, cannot be the law.  Almost any complaint can be answered…In deciding whether to order a more definite statement, it is best to look at what sort of *answer* defendant might make to the complaint and ask if such an answer, put with the complaint, would serve to advance the course of the litigation."[1]  The Complaint at issue in this case is exactly the type of impermissible "shotgun" pleading prohibited by the Federal Rules of Civil Procedure, and more specifically, Rule 12(e).[2]  As the Complaint currently stands, MMR has no choice but to guess at the alleged acts, omissions, individuals, entities, agreements, and information that forms the basis of Dixie's claims.  By granting this Motion, the Court can

---

[1] *Teradyne, Inc. v. Clear Communications Corp.,* 707 F. Supp. 353, 354(N.D.Ill. 1989).
[2] See *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321 n. 10 (11th Cir. 2015).

advance the goals of the Federal Rules of Civil Procedure and encourage the just, speedy, and inexpensive determination of this action and its proceedings as intended.[3]

## II.     Authorities

2.01     The purpose of Federal Rule of Civil Procedure 12(e) is to resolve situations where a complaint might superficially plead a viable legal theory, but is so unclear the opposing party cannot reasonably respond to the complaint.[4]   Federal Rule of Civil Procedure 12(e) states: "[a] party may move for a more definite statement of a pleading" where that pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."   Federal Rule of Civil Procedure 12(e) gives this Court "significant discretion" to require a plaintiff to amend its complaint.[5]

### A.     Unidentified Confidential Information & Trade Secrets

2.02     Confidential Information and trade secrets must be identified.[6]   Pleadings which are nothing more than "a string of conclusory statements devoid of any factual basis" regarding trade secrets are deficient.[7]   The sufficient identification of the alleged Confidential Information and trade secrets in dispute is necessary because a defendant only has fair notice of a misappropriation claim, and can only begin preparing its defenses, if the plaintiff sufficiently identifies the Confidential Information and trade secrets in dispute with particularity.   Some of the potential defenses to these claims: (1) the accused party did not actually receive the information; (2) the accused party did not misuse the information; (3) the accused party had

---

[3] Fed. R. Civ. P. 1.

[4] *Humpherys v. Nager,* 962 F.Supp. 347, 352-353 (E.D.N.Y. 1997).

[5] *Ash Grove Tex., L.P. v. City of Dallas,* No. 3:08-CV-2114-O, 2009 WL 3270821, at *7 (N.D. Tex. Oct. 9, 2009) (citing *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th Cir. 1959)).

[6] *Pension Advisory Grp., Ltd. v. Country Life Ins. Co.,* 771 F.Supp. 2d 680, 701 (S.D. Tex. 2011); *Clearline Techs. Ltd. v. Cooper B-Line, Inc.,* No. H-11-1420, 2012 WL 43366, at *11 (S.D. Tex. Jan. 9, 2012)(dismissing misappropriation of trade secrets claim because plaintiff "failed to identify the specific trade secret information it claims has been misappropriated")(citing *Pension Advisory Grp.,* 771 F.Supp. 2d at 701).

[7] *Bioquell, Inc. v. Feinstein,* No. 10-2205, 2010 WL 4751709, at *6 (E.D. Pa. Nov. 23, 2010).

already developed the information independently; or (4) the information is not secret depend on the accused party having adequate notice of what the plaintiff accuses it of misappropriating.[8] Although these cases primarily deal with Rule 12(b)(6) Motions, the fact that these cases required more specific allegations to avoid dismissal can be relied upon in requiring Dixie to plead its case more specifically at this early juncture under the much less stringent standards associated with a Rule 12(e) Motion.  To the extent Plaintiff refuses or is unable to meet its pleading requirements, MMR reserves its right to file a Motion to Dismiss pursuant to Rule 12(b)(6).

## B.     Unidentified Agreements & Relationships

2.03    With respect to contract related claims, courts have held that vague allegations that fail to provide the defendant with at least the basic contents of the contract are insufficient, stating that "[t]o survive a Rule 12(e) motion… the plaintiff must recite the relevant agreement, the basic contents of that agreement, and the pertinent parties."[9]  A more definite statement is required when defendants are left to only guess as to what conduct and to which contract(s) an allegation refers.[10]

## C.     Plaintiff's Complaint Invites Inevitable Discovery Disputes

2.04    Based upon the lack of specificity in Dixie's Complaint, it is not unreasonable to speculate Dixie lacks any specific evidence of wrongdoing on the part of MMR, and that the

---

[8] *See Powerweb Energy, Inc. v. Hubbell Lighting, Inc.,* No. 3:12CV220 (WWE), 2012 WL 3113162, at *1 (D. Conn. July 31, 2012)("early identification of trade secrets… prevents frivolous lawsuits, narrows the scope of discovery, permits defendant to mount a defense, and prevents plaintiff from tailoring its cause of action based on the discovery received"); *Switch Comm. Group v. Ballard,* No. 2:11-cv-00285-KJD-GWF, 2012 WL 2342929, at *4 (D. Nev. June 19, 2012)("it is difficult for a defendant to mount a defense until it has some indication of the trade secrets allegedly misappropriated")(citing *DeRubeis v. Witten Tech, Inc.,* 244 F.R.D. 676, 681 (N.D. Ga. 2007); *See also DeRubeis,* 244 F.R.D. at 681 ("Until the defendant knows what information is at issue, it cannot attempt to rebut the plaintiff's charge of misappropriation.").
[9] *555 M Manufacturing, Inc. v. Calvin Klein, Inc.,* 13 F.Supp.2d 719, 724 (N.D.Ill 1998)(*citing Moore v. Fidelity Fin. Servs.,* 869 F. Supp. 557, 560-561 (N.D.Ill. 1994)).
[10] *555 M Manufacturing, Inc.,* 13 F.Supp. 2d at 724; *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.,* 882 F.Supp. 713, 726 (N.D. Ill. 1995).

Complaint has been filed in retaliation to Jarwin's own lawsuit against Dixie, which was previously filed in Oklahoma, or in an attempt to "compete in the courthouse" with respect to MMR as opposed to the marketplace.

2.05   Requiring Dixie to re-plead will assist both the court and parties in determining the appropriate scope of discovery, determining whether particular discovery requests fall within that scope, and avoid the likely disputes regarding whether or not Dixie is using the discovery process as a means to obtain MMR's own Confidential Information and trade secrets.[11]   In addition, without properly pleading and without showing that there is a substantial basis for its claim, Dixie may not even be entitled to conduct the discovery it may so desperately claim it will need to prove its case.[12]

2.06   MMR has served as one of the leaders in the industry for more than thirty (30) years and is the largest privately-owned open shop electrical and instrumentation contractor in the United States.   MMR provides a diverse range of services including: Electrical & Instrumentation Services, Power Distribution Services, Fabrication Services, Communications Services, and Commissioning/Start Up Services.   MMR works across industry lines in the onshore, offshore, energy, chemical, petrochemical, industrial, and manufacturing sectors.   MMR has over twenty (20) branch offices throughout the United States, as well as in Canada, Colombia, Trinidad, Venezuela, and Ecuador.   MMR currently has in excess of 4,500 employees and services over 600 customers.

2.07   If Dixie is not required to re-plead its Complaint, MMR will be forced to spend unnecessary time and expense and disrupt its normal business operations by interviewing, reviewing, and discussing the Complaint with numerous employees, vendors, customers, and

---

[11] *Applied Materials, Inc. v. Advanced Micro-Fab. Equip. (Shanghai) Co., Ltd.,* No. C 07-5248 JW (PVT), 2008 WL 183520, at *1 (N.D. Cal. Jan. 18, 2008).
[12] *Teradyne, Inc.,* 707 F.Supp. at 354.

individuals in order to conduct a responsible investigation of Dixie's claims and prepare an appropriate pleading. It is expected that the vast majority of these employees, vendors, customers, and individuals will have absolutely nothing to do with the resolution of this case once the issues have been sufficiently narrowed. In addition, both parties will have to prepare and respond to discovery which could exceed the scope of the as yet to be identified disputes, if any, between MMR and Dixie to determine the basic information which should have otherwise been disclosed and alleged in the initial Complaint. "It may be implied from [Rule 11's] reasonable inquiry requirement that the pleading must be sufficiently specific to enable a judge to determine whether it is well founded in law and in fact. Moreover, the formula of notice pleading followed by discovery is now questioned on the ground that its benefits often fall quite short of its costs. A more definite statement of a claim may serve to effectuate Rule 11 and reduce discovery costs. This too must inform the decision where to grant a motion for more definite statement."[13] MMR should not be prejudiced by having to use its allotted written discovery and depositions to otherwise learn information which Dixie is required to plead from the outset as a matter of law. Dixie's attempt to hide behind its intentionally vague, ambiguous, and defective pleading should not be rewarded.

### III.    Request for More Definite Statement

3.01    Upon review of the sixty-one (61) paragraphs contained within the twenty (20) page Complaint, Dixie fails to identify a single specific customer, employee or vendor within the scope of this dispute. Dixie fails to identify, even in the most general of terms, any alleged Confidential Information or trade secret either Defendant has unlawfully disclosed, received, or used to the detriment of Dixie. Dixie fails to identify a single specific agreement or relationship which it alleges either Defendant has unlawfully interfered, or identify any of the specific parties

---

[13] *Teradyne, Inc.,* 707 F.Supp. at 354.

to such agreement or relationship.  Dixie has failed to state, provide (or even attempted to provide) any of the necessary "who, what, when, where, and how" in connection with its claims. Instead, Dixie relies upon formulaic and conclusory statements which consist of nothing more than the bare recitation of the essential boiler plate elements associated with its claims.

3.02    Therefore, in an effort to resolve the issues raised herein regarding Dixie's Complaint and hopefully also set an appropriate scope for the discovery process, MMR respectfully requests this Court to order Dixie to re-plead its Complaint and provide more definite statements which contain the following information:

    a.    In connection with Paragraph 25 of the Complaint, MMR requests Dixie to specifically identify the individuals and entities referred to therein as:
        (i)  "the employee" who was contacted by "the former Dixie Electric employee";
        (ii) "the former Dixie Electric employee" who contacted "the employee";
        (iii) the individuals making up the "Dixie Electric crew"; and
        (iv) the entity referred to as "one of Dixie Electric's customers in Oklahoma.

    b.    In connection with Paragraph 27 of the Complaint, MMR requests Dixie to specifically identify the individuals and entities referred to therein as:
        (i)  "a Dixie Electric employee";
        (ii) "another Dixie Electric customer";
        (iii) the "subordinate";
        (iv) the "customers and vendors"; and
        (v) "employees" and "customers" Dixie alleges Defendants are alleged to be continuing to improperly solicit.

    c.    In connection with Paragraph 29 of the Complaint, MMR requests Dixie to specifically identify the individuals and entities referred to therein as "employees and customers".

    d.    In connection with Paragraph 30 of the Complaint, MMR requests Dixie to specifically identify the individuals and entities referred to therein as "Dixie Electric's employees and customers".  MMR further requests Dixie to at least generally describe the type of "Confidential Information" it alleges to have been used or received by MMR.

    e.    In connection with Paragraph 40 of the Complaint, MMR requests Dixie to at least generally describe the type of "Confidential Information and trade secrets" it alleges to have been misappropriated by MMR to unfairly compete with Dixie.

f.  In connection with Paragraph 42 of the Complaint, MMR requests Dixie to specifically identify the customers and employees which it alleges Jarwin has unlawfully solicited.

g.  In connection with Paragraph 49 of the Complaint, MMR requests Dixie to specifically identify the:
    (i) "contracts and business relations with certain customers" it alleges Jarwin and/or MMR have unlawfully diverted or solicited;
    (ii) the "former Dixie Electric employee"; and
    (iii) "Dixie Electric's employment relationships" which Jarwin and/or MMR have allegedly tortiously interfered with.

h.  In connection with Paragraph 50 of the Complaint, MMR requests Dixie to specifically identify the:
    (i) "existing contracts and relations between Dixie Electric and its customers and employees" which Defendants have allegedly interfered with; and
    (ii) "prospective contractual relationships" that Defendants have allegedly interfered with.

i.  In connection with Paragraph 51 of the Complaint, MMR requests Dixie to specifically identify the "business opportunities" which Dixie has purportedly lost.

j.  In connection with Paragraph 52 of the Complaint, MMR requests Dixie to at least generally identify the "Confidential Information and trade secrets" which were allegedly used or disclosed. MMR also requests Dixie to identify the:
    (i) "existing and prospective business relations"; and
    (ii) "Dixie Electric's employees and customers" which MMR and/or Jarwin allegedly unlawfully solicited.

## **CONCLUSION AND PRAYER**

MMR recognizes that the Federal Rules of Civil Procedure will ultimately call upon MMR to admit or deny each allegation against it. However, the best MMR can currently do in response to Dixie's Complaint is to state that it "lacks information sufficient to admit or deny" most if not all of Dixie's claims. Such a responsive pleading will not narrow any of the issues ultimately in dispute and will lead to an unnecessary overbroad scope of discovery. If Dixie has become aware of specific circumstances involving Dixie's customers, employees, vendors, and its Confidential Information and trade secrets to the extent it felt compelled to file a Complaint in a United States District Court, equity requires these specific circumstances be alleged and

disclosed from the outset.  To the extent Dixie argues that MMR is capable of receiving this information through the discovery process, this will merely serve to unnecessarily increase litigation costs for all parties, invite discovery disputes which will only necessitate further intervention by this Court, will offend the interests of justice and judicial economy, and otherwise prevent an efficient resolution of the disputes between the parties, if any.

**WHEREFORE,** Defendant MMR Constructors, Inc., respectfully requests this Motion be in all things granted, and that Plaintiff Dixie Electric, LLC be ordered to re-plead as requested herein and in accordance with the Federal Rules of Civil Procedure, along with such other and further relief, general and specific, legal and equitable, to which this Court deems appropriate.

Respectfully submitted,

/s/ Nate Brignon
Nate Brignon
State Bar No. 24055214
nbrignon@cbtd.com
Bradley H. Bains
State Bar No. 01553980
bbains@cbtd.com
Stephanie D. Lee
State Bar No. 24081002
slee@cbtd.com
COTTON, BLEDSOE, TIGHE & DAWSON
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**ATTORNEYS FOR**
**MMR CONSTRUCTORS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 2nd day of May 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Martin Ellis Thornthwaite
Strasburger & Price, LLP
2801 Network Blvd., Suite 600
Frisco, TX 75034

/s/ Nate Brignon
Nate Brignon

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that counsel for the Movant and Dixie Electric, LLC have conferred in a good faith attempt to resolve the matters raised in this Motion, and no agreement could be made as of the time of its filing.

/s/ Nate Brignon
Nate Brignon